.VIOLA GORDON WRIGHT, Appellant, v. W. A. MYERS, Respondent.

(174 N. W. 883.)

**Trover and conversion — grain stored in elevator — effect of forbidding sale by owner.**

This is mainly a suit for the conversion of grain which was not converted. The grain was properly placed in a grain elevator, where it is held because the plaintiff forbade its sale. She may not thus, in effect, hold the grain and sue for its conversion.

Opinion filed October. 20, 1919.

Appeal from the District Court of Wells County, Honorable J. A. Coffey, Judge.

Affirmed.

J. J. Youngblood, Hanchett & Johnson, and Frederick O. Storlie, for the appellant.

A part owner of personal property having same in his possession may be liable to the other owner for a conversion of his interest by doing any act in connection with the property inconsistent with or subversive of the rights of the other owner. Grigsby v. Day (S. D.) 70 N. W. 88; Fraine v. North Dakota Grain & Land Co. 170 N. W. 307; Willard v. Monarch Elevator Co. 10 N. D. 405.

A transfer of an elevator receipt by a consignee is a conversion of the grain represented thereby, as against the holder of the bill of lading with draft attached. Hamlin v. Carruthers, 19 Mo. App. 567.

Any disposition of the property without the consent of the owner is an actionable conversion. Allsop v. Joshua Hendy Machine Works (Cal.) 90 Pac. 38; Great Western Smelting Co. v. Evening News Asso. 102 N. W. 286.

Acts of the defendant inconsistent with a continued recognition of plaintiff's title amount to a conversion. Joyce v. Sage Bros. Co. (Ill.) 91 N. E. 996.

Mixture of chattels belonging to different owners may amount to a conversion. Hesseltine v. Stockwell, 30 Me. 237, 50 Am. Dec. 627.

"In an action for trespass the question of damages is a question particularly for the jury." Drake v. Palmer, 4 Cal. 11; Sayles v. Bemis (Wis.) 15 N. W. 432.

*B. F. Whipple* and *Edward P. Kelly,* for respondent.

To entitle one to maintain an action for conversion of personal property, he must show that at the time of the alleged conversion he had possession or legal right to the immediate possession and a general or special ownership in the property converted. Parker v. Bank, 8 N. D. 419.

ROBINSON, J. This is mainly a suit for the conversion of grain which has not been converted. The appeal is from a judgment on a directed verdict for defendant. As tenant of plaintiff, defendant farmed her land on the usual cropping conditions. He caused the grain to be threshed, hauled to the grain elevator, and took storage tickets, thus:

September 11, 1918. Ticket to Walter Myers, 281 Bu. 2 rye.
October 21, 1918. Ticket to Myers & Wright, 70 Bu. 1A durum.
October 19, 1918. Ticket to Myers & Wright, 72 Bu. 1 durum.
October 19, 1918. Ticket to Myers & Wright, 141 Bu. 1 durum.

Those tickets are by the Osborne-McMillan Elevator Company at Manfred, North Dakota.

In directing the verdict the court justly said: Mrs. Wright is entitled to her grain, and defendant is willing to give it to her, and he is entitled to some offsets against it, but under the law plaintiff is not entitled to recover at all for conversion. The bulk of the grain in dispute was properly hauled to the grain elevators, and storage tickets in evidence as a part of the record were taken for the grain. It has not been sold because the plaintiff by her attorney, Youngblood, directed the elevator company to hold the grain, and not to sell it. Thus the plaintiff does in effect hold the grain, while she sues for the conversion of the same. She may not thus play fast and loose. While holding the grain she may not sue for its conversion.

They are other minor disputes concerning the proper disbursement of moneys which she sent to defendant to buy seed grain and to repair the farm buildings, and concerning an alleged trespass on 40 acres which he farmed, when neither he nor the plaintiff knew that it belonged to her. But such claims are not fairly stated or presented for an adjudication. With common business courtesy the parties could easily have stated and settled their matters, and, if not, then the proper action was one for a sale or division of the grain and its proceeds, and an accounting. So far as it appears from the record, defendant has always been ready and willing, and he is still ready and willing, to have the grain sold and to divide the proceeds in accordance with the contract on receiving the amount justly due to him. The judgment is affirmed, with costs.

BRONSON, J. I concur in the result.